UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
COURT FILE NO.: _____

| | |
|---|---|
| JOHN CHAMBERLIN,<br><br>　　　　Plaintiff,<br>v.<br><br>COLLECTO, INC., D/B/A EOS CCA,<br><br>　　　　Defendants. | **VERIFIED COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant in it's illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff John Chamberlin is a natural person who resides in the City of Pensacola, County of Escambia, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Collecto, Inc. d/b/a EOS CCA is a collection agency operating from an address of 700 Long Water Drive, Norwell, MA 02061, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  On or around January 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a cell phone service debt with AT&T Mobility, in the approximate amount of $1,000.00, which was used by Plaintiff for personal, family and household use.

7.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

### *November 27, 2009 Collection Attempt*

8.  On or about November 27, 2009, Defendant contacted Plaintiff by U.S. Mail in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.  This initial contact was entitled "NOTICE OF COLLECTION PLACEMENT" and notified Plaintiff that the aforementioned account had been placed with Defendant for collection. See notice attached herein and referenced as *Ex. A*.

10. On or about December 4, 2009, Plaintiff responded to the initial notice in writing, requesting validation of the debt Defendant was collecting. See letter attached herein and referenced as *Ex. B*.

11. On or about February 18, 2010, Plaintiff again, in writing via certified mail, requested validation of the debt and further requested that negative marks related to this debt be removed from his credit report. See letter attached herein and referenced as *Ex. C*.

12. On or about February 22, 2010, Plaintiff received notice from Bank of America that his credit limit with them was being reduced as a result of a periodic review which included assessment of Plaintiff's credit report. See letter attached herein and referenced as *Ex. D*.

13. Upon receipt of this notification of credit reduction from Bank of America, Plaintiff reviewed his credit report and found a potentially negative remark reported by Defendant related to the original account with AT&T Mobility.

14. To date, Plaintiff has not received validation of the debt being collected by Defendant.

### *Summary*

15. All of the above-described actions by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(8), and 1692g, amongst others.

16. Defendant repeatedly failed to provide Plaintiff with the information required by 15 U.S.C. § 1692g, and is in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

17. The above-detailed conduct by the Defendant of failing to validate the alleged debt and and by continuing to report the alleged debt to the credit bureaus in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion, defamation of character and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

18. These violations by Defendant had a negative affect on Plaintiff's credit report which resulted in reduction of credit on at least one of his unsecured credit accounts.

19. Defendant's refusal to validate Plaintiff's indebtedness and falsely report negative information to the credit bureaus was an invasion of his privacy and his right to financial privacy.

20. Defendant's actions in violation of the FDCPA as more fully described above were the direct and proximate cause of severe emotional distress.

21. Plaintiff has suffered actual damages as a result of illegal actions by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy and damage to his credit report and loss of credit worthiness.

### TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

26. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its**

**customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

29. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and reporting an invalidated debt to the credit bureaus and thereby invaded Plaintiff's privacy.

30. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

31. The conduct of the Defendant and their agents, in engaging in the above-described illegal collection practices against the Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

32. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 16, 2010

Martin S. Lewis, FL Bar # 0100587
Steven D. Jurnovoy, FL Bar # 938221
Brooke E. Sanchez, FL Bar # 26860
Lewis & Jurnovoy, PA
1100 North Palafox Street
Pensacola, FL 32501
Telephone: (850) 432-9110
Facsimile: (850) 433-8794
Email: brooke@4-debtor.com

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF ESCAMBIA )

Plaintiff John Chamberlin, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

John Chamberlin

Subscribed and sworn to before me
this 14th day of April, 2010.

Sheri Kerr
Notary Public



SHERI KERR
MY COMMISSION # DD 727441
EXPIRES: January 14, 2012
Bonded Thru Notary Public Underwriters